# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Derrick Wickliffe <br>     *Plaintiff* <br><br> v. <br><br> McClain DeWees, PLLC <br>     *Defendant* <br> Serve: <br>     Jeffrey K. McClain <br>     6008 Brownsboro Park Boulevard <br>     Suite H <br>     Louisville, KY 40207 <br><br> Robert William DeWees, III <br>     *Defendant* <br> Serve: <br>     6008 Brownsboro Park Boulevard <br>     Suite H <br>     Louisville, KY 40207 | Case No. 3:16-CV-271-JHM |

## INTRODUCTION

1. This is an action by a consumer seeking actual damages, statutory damages, and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. On January 27, 2016 Defendants McClain DeWees, PLLC ("M&D"), a law firm, by and through Robert W. DeWees, III ("DeWees"), an attorney with the firm, filed a lawsuit (the "State Court Suit") against Plaintiff Derrick Wickliffe on behalf of Indian Falls Homeowners' Association, Inc. in an attempt to collect an alleged debt.

3. Mr. Wickliffe received service of process on February 10, 2016 and thereafter

filed and served his answer *pro se* to the complaint to Indian Falls via certified mail to M&D and DeWees on March 2, 2016 as evidenced by the certified mail return receipt, filed herewith as "Exhibit A".

      4.      Despite Indian Falls having received service of Mr. Wickliffe's answer, on March 24, 2016 M&D by and through DeWees filed an improper motion for default judgment (the first of two) in disregard of Mr. Wickliffe's answer.

      5.      Even before the court ruled on the improper motion for default judgment, M&D and DeWees filed a judgment lien against Mr. Wickliffe on April 18, 2016 with the Jefferson County Clerk.

      6.      Thereafter M&D by and through DeWees mailed a threat letter to Mr. Wickliffe claiming that a judgment *had* been entered against him, and that he *was obligated to submit to a deposition in order to discover his assets or face a subpoena.*

      7.      The Jefferson District Court subsequently overruled the first motion for default judgment. M&D and DeWees took no action to remedy the improper judgment lien it had recorded.

      8.      Thereafter M&D filed a second improper motion for default judgment in continuing disregard of Mr. Wickliffe's answer filed of record and illegally kept the judgment lien M&D and DeWees had filed in place. M&D and DeWees did not release the lien until undersigned counsel appeared in the case and moved the court to overrule the second motion for default judgment and order that the lien be released. These and other actions by Defendants violate the FDCPA.

## PARTIES

9. Plaintiff Derrick Wickliffe is a natural person who resides in Jefferson County, Ky. Mr. Wickliffe is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

10. Defendant McClain DeWees, PLLC ("M&D") is a domestic limited liability company which has registered with the Kentucky Secretary of State. M&D is engaged in the business of collecting debts from consumers in this state. M&D's principal place of business is located at 6008 Brownsboro Park Boulevard, Suite H, Louisville, KY 40207.

11. M&D regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and are "debt collectors" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

12. Robert William DeWees, III ("DeWees") is a natural person and attorney at law whose principal business office is located at 6008 Brownsboro Park Boulevard, Suite H, Louisville, KY 40207.

13. DeWees regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

14. On January 27, 2016, Indian Falls Homeowners' Association, Inc. ("Indian Falls"), by and through its counsel McClain DeWees, PLLC ("M&D") and Robert William DeWees, III ("DeWees"), filed a lawsuit against Derrick Wickliffe in the Jefferson District Court of Jefferson County, Kentucky under case number 16-C-001169 in order to collect alleged

unpaid homeowners' association assessments and fees (the "State Court Complaint").

15. If the Indian Falls debt is Mr. Wickliffe's, then Mr. Wickliffe incurred the Indian Falls debt solely for personal, family, and/or household purposes, which makes the Indian Falls debt a "debt" within the meaning of the FDCPA.

16. Mr. Wickliffe received service of the State Court Complaint on February 10, 2016.

17. On March 2, 2016, Mr. Wickliffe filed an answer to the State Court Complaint and served it on Indian Falls' counsel via U.S. certified mail, return receipt requested.

18. Mr. Wickliffe received a signed return receipt indicating that Indian Falls' counsel received service of his answer on March 7, 2016 (Exhibit A).

19. On March 24, 2016, over two weeks after receiving service of Mr. Wickliffe's answer to the State Court Complaint, M&D by and through DeWees filed a motion for default judgment (the "First Motion for Default").

20. M&D, by and through DeWees, falsely certified to the court that "No papers have been served on Indian Falls [sic] counsel by the Defendant in default, Derrick Wickliffe." A copy of the default judgment certificate from the First Motion for Default is attached hereto as "Exhibit B."

21. Between March 24, 2016 and April 13, 2016, the Jefferson District Court did not rule on the First Motion for Default.

22. On April 11, 2016, DeWees, on behalf of M&D, sent a letter to Mr. Wickliffe (the "Letter"). A copy of the Letter is attached hereto as "Exhibit C."

23. The Letter falsely stated that a judgment had been entered against Mr. Wickliffe on the allegations in the State Court Complaint.

24. The Letter also ordered Mr. Wickliffe to submit to discovery concerning his assets, and threatened him with the issuance of a subpoena compelling his appearance in court if he did not submit voluntarily.

25. On April 13, 2016, M&D, by and through DeWees, prepared a Notice of Judgment Lien pursuant to KRS 426.720 (the "Judgment Lien") related to the State Court Complaint and served the same upon Mr. Wickliffe. On April 18, 2016, the County Clerk of Jefferson County, Kentucky recorded the Judgment Lien. A copy of the Judgment Lien is attached hereto as "Exhibit D."

26. The Judgment Lien was invalid when it was filed, since the court had not entered judgment on Indian Falls' claims in the State Court Complaint.

27. Attaching an incorrect, invalid, or misleading judgment lien to a consumer's real property in an attempt to collect a debt violates the FDCPA. *See Currier v. First Resolution Investment Corp.,* 762 F.3d 529 (6th Cir. 2014).

28. On April 15, 2016, the Jefferson District Court overruled the First Motion for Default.

29. M&D and DeWees did not, upon receiving notice of the court's order overruling the First Motion for Default, release the Judgment Lien.

30. On April 22, 2016, M&D, by and through DeWees, filed a renewed motion for default judgment (the "Second Motion for Default"), again despite the fact that Mr. Wickliffe had answered the allegations in the State Court Complaint.

31. On April 26, 2016, Mr. Wickliffe retained undersigned counsel to fight the improper, illegal conduct of Defendants. Undersigned counsel entered his appearance in the state court lawsuit against Mr. Wickliffe, filed an objection to the improper second motion for

default judgment, filed a motion to quash and order released the improper and illegal Judgment Lien, and moved for leave to file an amended answer and counterclaims, all of which were granted by the Jefferson District Court.

32.    On April 29, 2016, pursuant to court order M&D and DeWees filed a Release of Judgment Lien with the County Clerk.

## CLAIMS FOR RELIEF

33.    The foregoing improper acts and illegal acts of Defendants McClain DeWees, PLLC ("M&D") and Robert William DeWees, III ("DeWees") constitute violations of the FDCPA. M&D and DeWees' violations of the FDCPA include, but are not limited to:

a. Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

b. Violation of 15 U.S.C. § 1692e(2)(A) by engaging in the false representation of the character, amount, or legal status of any debt;

c. Violation of 15 U.S.C. § 1692e(5) by taking or threatening to take an action that cannot legally be taken against Mr. Wickliffe;

d. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt from Mr. Wickliffe;

e. Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Mr. Wickliffe;

f. Violation of 15 U.S.C. § 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law;

g. Violation of 15 U.S.C. § 1692f(6) by taking a nonjudicial action to effect disposition or disablement of Mr. Wickliffe's property without any present right to dispossess or disable Mr. Wickliffe's property.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Derrick Wickliffe requests that the Court grant the following relief:

1. Award Plaintiff actual damages for his economic loss in being required to retain legal counsel to fight the improper, illegal conduct of Defendants in the State Court Lawsuit and release of Judgment Lien pursuant to 15 U.S.C. § 1692k(a)(1);

2. Award Plaintiff maximum statutory damages against each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Award Plaintiff reasonable attorney's fees and costs in this action pursuant to 15 U.S.C. § 1692k(a)(3);

4. Trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com